**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4263**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

THOMAS LAMONT LEGALL, a/k/a Clarence Shamel Rahmeik Gatling,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:12-cr-00106-RGD-LRL-1)

---

Submitted: September 23, 2014      Decided: October 20, 2014

---

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Crystina M. O'Brien, THE O'BRIEN LAW FIRM, PLC, Hampton, Virginia, for Appellant. Dana J. Boente, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Lamont Legall pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2012), but reserved his right to appeal the district court's denial of his motion to suppress the evidence seized from his hotel room. On appeal, Legall argues that the use of a drug-detecting dog constituted an illegal warrantless search. Finding no error, we affirm.

This court reviews a district court's legal conclusions on a motion to suppress de novo. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the district court denied the motion, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

Legall first argues, relying on Florida v. Jardines, 133 S. Ct. 1409 (2013), that police entered the curtilage of his hotel room when they approached the threshold and deployed a drug-detecting dog to conduct a sniff of his hotel room door. In Jardines, the Supreme Court applied the "traditional property-based understanding of the Fourth Amendment," 133 S. Ct. at 1417, to hold that "using a drug-sniffing dog on a homeowner's porch to investigate the contents of the home is a

2

'search' within the meaning of the Fourth Amendment." Id. at 1413, 1418. Because "the officers' investigation took place in a constitutionally protected area," id. at 1415, and the officers exceeded the scope of the implicit license permitting them to approach the front door, the search was unconstitutional. Id. at 1416.

We conclude that, here, the officer did not enter the curtilage of the hotel room when conducting the search. In determining whether an area is curtilage to the home, this court considers "'[1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by.'" United States v. Jackson, 728 F.3d 367, 373 (4th Cir. 2013) (quoting United States v. Dunn, 480 U.S. 294, 301 (1987)) (alterations in Jackson), cert. denied, 134 S. Ct. 1347 (2014). The "centrally relevant consideration" is "whether the area in question is so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." Id. at 374 (internal quotation marks omitted). Applying these factors, we find that the common hallway of the hotel was not within any curtilage of the hotel room.

3

Legall further argues that the dog sniff infringed on his legitimate expectation of privacy. He asserts that police violated his right to privacy when they used a trained drug-detecting dog to ascertain the contents of his room. See Kyllo v. United States, 533 U.S. 27, 40 (2001) (holding that use of a device not in general-public use, such as thermal imaging, by the Government to explore aspects of home not previously knowable without physical entry surveillance is a search).

We conclude that the officer here did not infringe upon a reasonable expectation of privacy. "The use of a well-trained narcotics-detection dog — one that 'does not expose noncontraband items that otherwise would remain hidden from public view — during a lawful traffic stop, generally does not implicate legitimate privacy interests." Illinois v. Caballes, 543 U.S. 405, 409 (2005) (internal quotation marks and citation omitted). Moreover, "[t]he legitimate expectation that information about perfectly lawful activity will remain private is categorically distinguishable from [a person's] hopes or expectations concerning the nondetection of contraband." Id. at 410. Because the drug-detecting dog disclosed only the presence of illegal narcotics, we find that the dog-sniff did not violate Legall's legitimate expectation of privacy.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED